**No. 47402.**—Protests 846495–G, etc., of American Lecithin Corp. et al. (New York).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47403.**—Protests 85237–K, etc., of T. Dragani & Co., Inc. (Boston).

Opinion by EKWALL, J. These protests were submitted upon a stipulation entered into between counsel. In view of this agreement and following *Pistorino* v. *United States* (2 Cust. Ct. 222, C. D. 127), *Union Importing Co.* v. *United States* (id. 911, Reap. Dec. 4558), and *Dragani* v. *United States* (id. 999, Reap. Dec. 4592) cited therein, the claim that the appraisements were illegal and that the liquidations based on such appraisements were also illegal and void was sustained. It was therefore held that duty should be assessed upon the entered value.

JULY 20, 1942

**No. 47404.**—Suit 4368.— ▮▮▮▮▮▮▮▮▮▮ —*United States* v. *W. H. & L. D. Betz.* C. D. 487 reversed. C. A. D. 208.

BEFORE THE FIRST DIVISION, JULY 22, 1942

**No. 47405.**—Petition 6150–R of Ludlow Mfg. & Sales Co. (Galveston).

Opinion by WALKER, J. The testimony showed that because of war conditions it was impossible to get a quotation on the merchandise in question. It appeared that the last quotation was August 31, 1939, and that the invoice price represented the correct market price on the date of the bill of lading. The importer calculated the market value to be the price stated on the invoice, but assumed, in error, the sailing date as September 4, whereas the vessel did not sail until September 9. On the latter date the merchandise had risen to the value found on appraisement. From the record it was found that there was no intention to defraud the revenue of the United States or to conceal or misrepresent any of the facts. The petition was therefore granted.